J-S46039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEBORAH McKISSICK, | : | |
| | : | |
| Appellant | : | No. 131 MDA 2014 |

Appeal from the Judgment of Sentence entered on October 24, 2012
in the Court of Common Pleas of Lycoming County,
Criminal Division, No(s): CP-41-CR-0000081-2011;
CP-41-CR-0001344-2010

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 20, 2014**

Deborah McKissick ("McKissick") appeals from the judgment of sentence imposed following her convictions of theft by unlawful taking, receiving stolen property, and unauthorized use of a motor vehicle. 18 Pa.C.S.A. §§ 3921(a), 3925(a), 3928(a).  We affirm.

McKissick was convicted of various crimes in two concurrent cases involving her job as a paralegal at a law firm.  In CR-1344-2010, McKissick used her position to have an elderly widow unknowingly sign a document granting McKissick Power of Attorney for the purpose of stealing from the widow.  Following a non-jury trial, McKissick was found guilty of two counts each of theft by unlawful taking or disposition, identity theft, forgery, and theft by deception and one count of criminal attempt.

In CR-81-2011, two clients of the firm that employed McKissick were instructed to surrender their vehicle to Santander Bank, as part of their bankruptcy proceedings. The clients turned the vehicle over to McKissick, on January 11, 2010, believing she would properly deliver it to the bank. Instead, McKissick assumed the vehicle as her own for more than eight months. During this time, McKissick renewed the vehicle's registration, began paying for insurance for the vehicle, and made payments to the bank for the vehicle until it was seized by the Pennsylvania State Police, on September 21, 2010. Following a non-jury trial, McKissick was found guilty of theft by unlawful taking, receiving stolen property, and unauthorized use of a motor vehicle.

For sentencing purposes, the trial court merged CR-1344-2010 and CR-81-2011. On October 24, 2012,[1] the trial court sentenced McKissick to a term of 16 to 32 months in prison for her convictions at CR-81-2011, and a term of 35 to 70 months in prison for her convictions at CR-1344-2010, for an aggregate term of 51 to 102 months in prison.

McKissick filed a timely Notice of Appeal. The trial court ordered McKissick to file a Pa.R.A.P. 1925(b) concise statement. McKissick filed a timely Concise Statement and the trial court issued an Opinion.

---

[1] McKissick was initially sentenced on June 18, 2012; however, both parties agreed that the sentence was based on incorrect calculations. The trial court resentenced McKissick on October 24, 2012.

On appeal, McKissick raises the following question for our review: "Whether the evidence presented at trial was sufficient to sustain the court's guilty verdict under []CR-81-2011 for count 1, theft by unlawful taking[,] and count 2, receiving stolen property?" Brief for Appellant at 6 (capitalization omitted).

Our standard of review in sufficiency of the evidence cases is well-settled:

> [W]e consider the evidence in the light most favorable to the Commonwealth as verdict winner. In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt. We keep in mind that it was for the trier of fact to determine the weight of the evidence and the credibility of witnesses. The [fact-finder] was free to believe all, part or none of the evidence. This Court may not weigh the evidence or substitute its judgment [f]or that of the fact[-]finder.

***Commonwealth v. West***, 937 A.2d 516, 523 (Pa. Super. 2007) (citation omitted).

McKissick first contends that the evidence at trial was insufficient to sustain her conviction of theft by unlawful taking. Brief for Appellant 11-12. McKissick argues that, because the victims voluntarily turned the vehicle over to her with no expectation of its return, she did not withhold the vehicle from them, nor did she dispose of the vehicle so that they could never recover it. ***Id***. at 11. McKissick concedes that the vehicle was misappropriated and that she did not have permission to use the vehicle. ***Id***. at 12. McKissick argues, however, that the evidence is not sufficient to

show a permanence of her possession of the vehicle, despite her renewing the registration, insuring the vehicle, making payments on the vehicle, and possessing the vehicle for more than eight months months until it was seized. *Id*. McKissick further argues that her unlawful possession may have benefitted the victims because she made payments on the vehicle while it was in her posssession. *Id*.

In its Opinion, the trial court addressed McKissick's claim and concluded that it is without merit. *See* Trial Court Opinion, 3/18/14, at 2-3. We adopt the trial court's sound reasoning for the purpose of this appeal and affirm on this basis. *See id*.

McKissick next contends that the evidence at trial was insufficient to sustain her conviction of theft by receiving stolen property.[2] Brief for Appellant at 12-13.

Again, in its Opinion, the trial court addressed McKissick's second claim and concluded that it is without merit. *See* Trial Court Opinion, 3/18/14, at 3-4. We adopt the sound reasoning of the trial court for the purpose of this appeal and affirm on this basis. *See id*.

---

[2] We note that McKissick purports to support her second claim by incorporating her prior arguments regarding the sufficiency of the evidence with regard to her conviction for theft by unlawful taking. *See* Brief for Appellant at 13 (stating "[f]or the same reasons argued, *supra*, the evidence was insufficient to establish that the vehicle was stolen from the [victims]"). "Incorporation by reference is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief to the Superior [C]ourt of Pennsylvania." *Commonwealth v. Dodge*, 77 A.3d 1263, 1266 (Pa. Super. 2013). However, despite McKissick's deficient argument, we have addressed the merits of the claim.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014

Circulated 07/21/2014 02:22 PM

Julian Allath Esquiro

J-S4039-14

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,      :

      vs.      :      CRIMINAL DIVISION

DEBORAH MCKISSICK,      :      CR-1344-2010; CR-81-2011

    Defendant/Appellant      :      131 MDA 2014

## O R D E R

### Issued Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)

This Court issues the following Order pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). The Defendant filed its concise statement of matters complained of on appeal on February 11, 2014 which identified the following matters for appeal.

1. The evidence presented at trial was insufficient to sustain the Court's guilty verdict under CR-81-2010 for Count 1, Theft by Unlawful Taking and Count 2, Receiving Stolen Property.
2. The sentencing court imposed an excessive and unreasonable sentence.

At issue is a non-jury verdict entered following a non-jury trial held on June 12, 2012, finding the Defendant guilty of Count 1, Theft by Unlawful Taking, a felony of the third degree, pursuant to 18 Pa.C.S. 3921(a) and Count 2, Receiving Stolen Property, a felony of the third degree, pursuant to 18 Pa. C.S. 3927(a) and the sentence imposed by the Court on October 24, 2012.[1]

This Court relies upon its previous Opinion and Order entered on January 15, 2013 issued pursuant to 1925(a) in support of affirmance, its Order on October 24, 2012, re-sentencing the Defendant, its Order entered on August 2, 2012 on Defendant's post-sentence motion for acquittal of the above referenced counts, its Order imposing the original Sentence entered June

---

[1] Defendant was also found Guilty of Count 4, Unauthorized Use of a Motor Vehicle, a misdemeanor of the second degree, pursuant to 18 Pa.C.S. § 3928(a), but defendant has not challenged that count and it is not the subject of this appeal.

1

19, 2012, and the following opinion in support of affirmance of the verdict and sentence in this case.

### Sufficiency of the Evidence – Count 1 (Theft by unlawful taking or disposition)

The evidence was sufficient to sustain the guilty verdict for Count 1, Theft by unlawful taking or disposition. The evidence and all reasonable inferences are viewed in favor of the Commonwealth as verdict winner. *Commonwealth v. Solano*, 906 A.2d 1180, 1186 (Pa. 2006); *Commonwealth v. Chapney*, 832 A.2d 403, 408 (Pa. 2003). 18 Pa.C.S. § 3921(a) provides that " --A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." At trial, defense counsel contended that the evidence was insufficient to prove the requisite intent because the Defendant did not intend to permanently deprive the owners of their vehicle. (6/12/12 Tr. at 7, line 20-25).

This Court found that the evidence and all reasonable inferences were sufficient to establish that the Defendant intended to permanently deprive the owner/lienholder of the vehicle. Defendant's intent was established by the length of time that the Defendant took possession and control over the vehicle and by the manner in which Defendant obtained possession and by the deception used to keep Defendant's possession undetected. Defendant used her position as paralegal in a law firm that was handling a bankruptcy matter to obtain possession and maintain control over the vehicle for nine months undetected. As part of the bankruptcy matter, the Defendant instructed the clients to surrender the vehicle and leave the keys with the Defendant. Even though the registration expired, Defendant instructed the client to leave the registration plate on the vehicle. (This enabled the Defendant to more easily register the vehicle without her possession being detected.) Defendant deceptively issued a bankruptcy document known as a voluntarily surrender document which had a fraudulent/fictitious account number. The voluntary surrender document indicated to the owners that the vehicle had been surrendered as part of the

2

bankruptcy to the lienholder when in fact it had not. Thus the owners would no longer be inclined to track what happened to their vehicle.

Defendant took possession of the vehicle and maintained possession for period of approximately (9) months, after which the vehicle was abandoned. The vehicle was never returned by the Defendant to the rightful owner or lienholder. Defendant also manifested her intent to permanently deprive the owner/lienholder of the vehicle by renewing the vehicle registration via the internet and having the vehicle inspected. Via the computer, the Defendant changed the owner's mailing address from the owner's to her employer's address. Further, Defendant told her boyfriend Shane Hills that the Defendant was the owner of the vehicle because the owner forfeited it. Defendant took over the payments on the vehicle. Defendant called the lienholder and claimed to be the owner when making a payment. This inference arises because that call was made from the Defendant's cell phone. Defendant had her boyfriend make payments on the vehicle when she was in jail. Defendant kept belongings in the vehicle. The vehicle was abandoned rather than returned to the Owner or lienholder. This Court believes that Defendant's possession of the vehicle for 9 months, failure to ever return the vehicle, and manner and extent of deception by the Defendant to keep her possession undetected sufficiently established Defendant's intent to permanently deprive the owner/lienholder of the vehicle.

**Sufficiency of the Evidence – Count 2 (Receiving Stolen Property)**

Similarly, this Court found that the evidence and all reasonable inferences were sufficient to establish that the Defendant is guilty of Count II, receiving stolen property. A person is guilty "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.§ 3925. This Court believes that Defendant's possession of the vehicle for 9 months, the abandonment of a vehicle

3

known to belong to the owner/lienholder, and manner and extent of deception to keep Defendant's possession undetected, sufficiently established Defendant's intent "to receive, retain or dispose of movable property of another knowing that it has been stolen, or believing that it has probably been stolen." As this Court stated previously, given the totality of the evidence and the Defendant's efforts at concealment, "it is evident to the Court that the Defendant acted with the knowledge that the vehicle was not only stolen, but stolen by her."

## Sentence

This Court relies upon this Court's Opinion and Order entered January 15, 2013, in which this Court explained its sentence at pages 10 and 11. The sentence was within the standard guidelines with one exception for the aggravation of Count I (Theft by Deception) of CR-344-2010. Weighing heavily on the Court was that Count I of CR-344-2010 involved the Defendant violating the trust and depleting the life savings of a now 72 year old widow, Ms. Greenabaum. Ms. Greenabaum had been financially dependent upon her spouse until he started to suffer from more advanced symptoms of Alzheimer's and died of the disease. Defendant took advantage of Ms. Greenabaum's trust, in the midst of grieving for her husband of 45 years, by having her sign papers which deceptively included a POA. Defendant used the POA to acquire Ms. Greenabaum's annuity payments for Defendant's personal use and to change the mailing address with her bank. This was more than enough evidence to aggravate the sentence. The Court also believed that the circumstances required protection of the public. The Court specifically found Defendant to be eligible for RRRI.

4

## Conclusion

For these reasons, and for the reasons stated in this Court's previous Opinion and Order issued pursuant to 1925(a) in support of affirmance entered January 15, 2013, its Order re-sentencing the Defendant dated October 24, 2012, its Order on Defendant's post-sentence motion for acquittal of the above referenced counts entered on August 2, 2012, and its Order imposing the original Sentence entered on June 19, 2012, this Court respectfully requests that the verdict and sentence be affirmed.

BY THE COURT,

_____
Richard A. Gray, J.

Date

cc:     District Attorney's Office (KO)
           Julian Allatt, Esq. – Counsel for Appellee
           CR – 81-2011
           (Superior Court & 1)

5